**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00590-O** |
| | § | |
| **JESUS A. RAMOS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Default Judgment against Jesus A. Ramos, Yvonne Sepulveda, and The Office of the Attorney General of Texas, Child Support Office, filed on June 25, 2025. ECF No. 32. United States District Judge Reed O'Connor referred the Motion to the undersigned on July 2, 2025. ECF No. 33. After considering the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion (ECF No. 32).

I. **BACKGROUND**

This case concerns a breach of contract claim and an interest is real property. The case began on June 24, 2024, when Plaintiff American Financial Network, Inc. ("AFN") sued Jesus A. Ramos, Yvonne Sepulveda, the Secretary of Housing and Urban Development ("the United States"), and the Office of the Attorney General of Texas, Child Support Office ("OAG"). ECF No. 1.

On July 24, 2024, AFN filed proof of service as to Ramos, Sepulveda, and the United States. ECF No. 6. On August 8, 2024, AFN requested the clerk of court to enter default as to Ramos and Sepulveda. ECF Nos. 7, 8. The clerk did so on August 9, 2024. ECF No. 9. On October

21, 2024, the Court noted that AFN's service on the United States was insufficient and ordered it to file proof of proper service on the United States and the OAG. ECF No. 10. Following this order, AFN filed proof of service on the United States and the OAG on November 4, 2024. ECF Nos. 13, 14.

On December 17, 2024, the United States filed a Notice regarding service of process, informing the Court that AFN had mailed a cover letter and notice of *lis pendens* but did not include any summons or complaint. ECF No. 16. Accordingly, the Court ordered AFN to provide further proof of proper service, including the summons and complaint, as to all defendants. ECF No. 17. AFN responded to this Order on January 13, 2025, detailing the issues with mailing the summons and complaint to the United States, stating that it was attempting to contact the process server as to Ramos and Sepulveda, and noting its attempt to contact the OAG. ECF No. 18. AFN also stated that it intended to "promptly supplement" its response once contacted the intended parties. *Id*. This supplement came on March 17, 2025, in the form of a joint status report filed in response to the Court's order. ECF No. 22. AFN then informed the Court that its process server advised "that it has no record of any purported service of process … to have been challenged or otherwise deemed infirm" as to Ramos, Sepulveda, and the OAG. *Id*. at 2, 3.

On June 5, 2025, Lakeview Lona Servicing, LLC ("Lakeview") filed a Motion to Substitute Plaintiff. ECF No. 25. Lakeview noted that AFN "assigned its beneficial interest in the Deed of Trust to [Lakeview] after this lawsuit was filed." *Id*. The Court granted Lakeview's Motion on June 11, 2025, and terminated AFN as a party to the case. ECF No. 26.

Also on June 11, 2025, the Court ordered Lakeview to file a Motion for Default as to all Defendants. ECF No. 28. On June 20, 2025, Lakeview requested that the clerk of court enter default as to the OAG. ECF No. 29. The clerk did so on the same day. ECF No. 30. Further,

Lakeview filed its Motion for Default against Ramos, Sepulveda, and the OAG on June 25, 2025. ECF No. 32.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see*

*also U.S. for Use of M-Co Constr., Inc.* v. *Shipco General*, *Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The *Lindsey* factors inform this inquiry. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr.*, *Inc. v.*

4

*Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

## III.    ANALYSIS

The Clerk entered default against Ramos, Sepulveda, and the OAG (ECF Nos. 9, 30), meaning that the Court must now ask if default judgment is appropriate. *Lewis*, 236 F.3d at 767.

### A.    Default judgment against the OAG is inappropriate.

"The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies.... This immunity applies unless it is waived by consent of a state or abrogated by Congress." *Curry v. Ellis Cty., Tex.*, 3:08-cv-1675-L, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Under the Eleventh Amendment, plaintiffs may not sue a state in federal court unless the state unequivocally consents to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the state's immunity. *Pennhurst St. Sch.*, 465 U.S. at 99-100. Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101. The Fifth Circuit has held that Eleventh Amendment immunity extends to a state agency or political entity that effectively

5

acts as an "alter ego" or an "arm" of the state, such as the OAG. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002); *Little v. Texas Atty. Gen.,* No. 3:14-cv-3089-D, 2014 WL 5039461, at *2 (N.D. Tex. Oct. 9, 2014) (finding that such immunity covers the OAG).

Lakeview has not sufficiently alleged or otherwise shown that the state of Texas has waived its sovereign immunity as to the claims Lakeview asserts against it here. In the absence of such a waiver, the Court lacks subject-matter jurisdiction over Lakeview's claims against the OAG. Without that jurisdiction, the Court cannot grant default judgment against the state or its agency, the OAG. *See Russell v. Colmenero*, No. 23-10160, 2023 WL 6518147, at *1 (5th Cir. Oct. 5, 2023), *cert. denied sub nom. Russell v. Paxton*, 144 S. Ct. 2521 (2024) (finding that because the district court lacked subject matter jurisdiction over the plaintiff's claims based on Eleventh Amendment immunity, "the district court could not have granted a default judgment even if one had been warranted."); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Bryant v. Tex. Dept. of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015).

### B.    Default judgment against Ramos and Sepulveda is procedurally inappropriate under *Lindsey*.

Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See* 161 F.3d at 893. For the first factor, material issues of fact may remain for Plaintiff's claims. *See id*. Since Ramos and Sepulveda have not participated in this suit, they have not disputed any material facts in this suit. If it were clear that they had notice of the suit, this would suggest that there were no genuine disputes of material fact between the parties, and this factor would favor the Plaintiff. However, since it is unclear whether Ramos and Sepulveda have notice of the suit, Lakeview has not established this factor.

6

The second factor's "substantial prejudice" requirement undermines Lakeview's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. It is unclear to the Court whether AFN properly served Ramos and Sepulveda. While AFN stated that its process server "has no record of any purported service of process … to have been challenged or otherwise deemed infirm," neither AFN nor Lakeview ever filed any proof that they served the summons and complaint on Ramos and Sepulveda as the Court ordered on January 7, 2025 (ECF No. 17). ECF No. 22 at 2. *Lindsey*'s second prong thus disfavors default judgment.

The third and fourth elements also fail to support default judgment as the grounds of default as to Ramos and Sepulveda are not clearly established because there is no sufficient proof of proper service upon them. *See Lindsey*, 161 F.3d at 893; *see also Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (service of process is a prerequisite to a valid default judgment). Likewise, Lakeview has not established the fourth factor since it is unclear whether the default is due to evasion of service or to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. The fifth factor is not established because it is difficult to determine whether default would be "too harsh" without determining whether Defendants have received notice of the suit. *See id; see also Martinez v. Ordaz*, No. 4:23-cv-00400-O, 2024 WL 2191972, at *4 (N.D. Tex. Mar. 12, 2024), *rec. adopted*, No. 4:23-cv-00400-O, 2024 WL 1715402 (N.D. Tex. Apr. 22, 2024).

Finally, for the sixth factor, the Court would feel "obliged to set aside the default upon motion from the defendant," given that it is unclear whether Ramos and Sepulveda received notice of the suit. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"); *Marusak v. Sema*

*Constr.*, Nos. 4:21-cv-00475-P-BP, 4:21-cv-00646-P-BP, 2021 WL 5701495, at *2 (N.D. Tex. Nov. 15, 2021) ("[T]he record suggests the Court could feel obligated to set aside a default judgment upon [defendant's] motion. As noted, it is unclear whether [defendant] received proper service of process."). Therefore, the sixth factor is not established, either.

Accordingly, because the grounds for default judgment are not "clearly established" under *Lindsey,* Plaintiff's claims do not survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813-14. This renders a step-two analysis of the merits of Plaintiff's claims unnecessary. *See id.; see also Nishimatsu*, 515 F.2d at 1206.

## IV.    CONCLUSION

Because the Court lacks subject-matter jurisdiction over Lakeview's claims against the OAG, and default judgment is not procedurally warranted as to Ramos and Sepulveda, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Lakeview's Motion for Default Judgment (ECF No. 32).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on August 1, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE